■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN W. CAMPBELL, Appellant. [718 NYS2d 744] —Crew III, J. P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 26, 1999, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and reckless endangerment in the first degree.

On March 18, 1998, two police officers went to defendant's apartment with his adult protective social services worker, who was concerned for defendant's safety. At that time, defendant confronted them with a gun and fired at least one shot in their direction. As a consequence, defendant was indicted and charged with one count of attempted murder in the first degree, one count of attempted assault in the first degree, one count of reckless endangerment in the first degree and two counts of menacing in the second degree. Following a jury trial, defendant was acquitted of the charge of attempted murder in the first degree and found guilty of attempted assault in the first degree and reckless endangerment in the first degree.* County Court sentenced defendant to indeterminate terms of imprisonment of 7½ to 15 years for attempted assault and 2⅓ to 7 years for reckless endangerment. Defendant appeals.

We affirm. We find no merit to defendant's contention that the verdict is inconsistent because the crimes of attempted assault and reckless endangerment require different mental states and cannot be committed by the same physical act. Here, the act of shooting is the same for the attempted assault and the reckless endangerment, but because the two crimes contemplate entirely distinct results there can be no inconsistency in the verdict. As the Court of Appeals has instructed, "[a] defendant could certainly intend one result—serious physical injury—while recklessly creating a grave risk that a different, more serious result—death—would ensue from his actions. * * * Thus, a finding that defendant was guilty of attempted first degree assault [does] not 'necessarily negate [his] guilt' of

---

* The two counts of menacing in the second degree were not submitted to the jury.

first degree reckless endangerment (CPL 300.30 [5])" (*People v Trappier*, 87 NY2d 55, 59).

We likewise reject defendant's contention that he should have been determined incompetent to stand trial based upon the testimony of two psychiatrists who were of that opinion. As a starting point, it is appropriate to reiterate the well-established axiom that a determination of fitness to proceed is a judicial, not a medical, one (*see, People v Tortorici*, 249 AD2d 588, 589, *affd* 92 NY2d 757, *cert denied* 528 US 834). Furthermore, considerable deference is to be afforded a trial court's findings where it was confronted with conflicting testimony as to a defendant's competence (*see, e.g., People v Tasker*, 166 AD2d 753, 754, *lv denied* 77 NY2d 844).

Here, County Court heard testimony from two psychiatrists who were of the opinion that defendant was a paranoid schizophrenic with catatonia and, as such, was not competent to stand trial. Both based their opinions, in large part, upon defendant's failure to communicate with them. Defendant's attending psychiatrist, on the other hand, was of the opinion that defendant understood the legal proceedings, was able to assist in his own defense and was, therefore, competent to stand trial. He testified that defendant readily communicated with him and opined that defendant's failure to talk to the psychiatric witnesses was volitional. Indeed, defendant's psychiatric records from Rochester Psychiatric Hospital reflected that defendant admitted that his refusal to communicate with the other psychiatric witnesses was a ruse on his part to avoid going to trial. Given the record before us, we find no reason to disturb County Court's determination (*see, e.g., People v Cox*, 196 AD2d 596, *lv denied* 82 NY2d 805). We have examined defendant's remaining contentions, including those contained in his *pro se* brief, and find them equally without merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

