■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY S. DEWEY, Appellant. [795 NYS2d 111]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 9, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

In December 2002, defendant was arrested for driving while intoxicated in the Village of Endicott, Broome County. Defendant waived his right to an indictment and, pursuant to a plea agreement, pleaded guilty to the crime of driving with a .10% or more blood alcohol content. Prior to sentencing, defendant's attorney raised the issue of defendant's competency and, as a

result, County Court ordered a CPL article 730 competency examination. Two psychiatrists issued reports opining that defendant, who was diagnosed with, inter alia, schizophrenic disorder, was not competent to stand trial. Defendant challenged the findings, prompting the court to order a hearing. Following the competency hearing, at which defendant testified, both the prosecutor and defense counsel asked County Court to find defendant competent. The court concluded that defendant was competent to proceed and thereafter sentenced him to five years' probation and a $1,000 fine, prompting this appeal.

Initially, we are unpersuaded by defendant's contention that County Court abused its discretion in determining that he was competent to proceed. CPL 730.30 (3) states that "[w]hen the examination reports submitted to the court show that each psychiatric examiner is of the opinion that the defendant is an incapacitated person, the court may . . . conduct a hearing to determine the issue of capacity." Significantly, when independently determining a defendant's capacity, a court must examine, inter alia, whether a defendant is presently "able to understand the nature of the charges against him and capable of assisting in his own defense" (*People v Tortorici*, 249 AD2d 588, 589 [1998], *affd* 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *see People v Dover*, 227 AD2d 804, 805 [1996], *lv denied* 88 NY2d 984 [1996]).

At the hearing, defendant demonstrated that he understood the judicial process, knew the charges against him and the sentence that would be imposed as a result of his plea. Furthermore, he was able to recall the facts and circumstances leading to his arrest, admitted that he drove his vehicle after drinking six beers and indicated that he should have waited longer before driving or, in the alternative, walked home. Although defendant's statements contained some discrepancies when compared to the account of the arresting officer, given the record before us, we cannot conclude that County Court abused its discretion in concluding that defendant's delusional thoughts did not render him incapable of proceeding or assisting in his own defense (*see People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]; *People v Dover, supra* at 805).

Defendant also contends that he did not receive the effective assistance of counsel. The standard for effective assistance of counsel "has long been whether the defendant was afforded 'meaningful representation' " (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Chrysler*, 6 AD3d 812, 812-813 [2004]). Here, the record indicates that defendant and defense counsel met ap-

proximately six times. Counsel explained the results of the CPL article 730 examination to defendant and the implications of being found competent or incompetent. Upon defendant's request, counsel urged County Court to hold a competency hearing. The record indicates that defense counsel negotiated a reasonable plea for defendant, resulting in a sentence of five years' probation and a $1,000 fine. Under the circumstances, we conclude that defendant received the effective assistance of counsel.

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.