THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERICK L. JOHNSON, Appellant. [860 NYS2d 281]—

Stein, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered December 13, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

After defendant was pulled over by a state trooper when he

was observed speeding in his vehicle, defendant exhibited aberrant behavior. Thereafter, defendant pulled away and a chase, an altercation and a search of defendant's vehicle ensued. Defendant was arrested and charged with the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, obstructing governmental administration in the second degree, resisting arrest, operating a motor vehicle while under the influence of alcohol or drugs and aggravated unlicensed operation of a motor vehicle in the third degree, as well as the traffic infraction of speeding.

Defendant was examined by a psychologist and a psychiatrist pursuant to CPL article 730. The psychologist opined that defendant was fit to stand trial. Although the psychiatrist concluded that defendant was suffering from a mental illness which precluded him from assisting in his defense, he did not rule out malingering. Due to the divergent opinions of the examiners, County Court ordered a third examination (see CPL 730.20 [5]). However, that examination was not conducted due to defendant's refusal to participate. After a hearing was held pursuant to CPL 730.30 (4), the court found defendant competent to stand trial. After further proceedings in the matter and before the scheduled trial date, defendant's counsel requested that additional competency evaluations be conducted; the court denied such request.

Defendant subsequently pleaded guilty to criminal possession of a controlled substance in the fifth degree. Prior to sentencing, defendant wrote a letter to County Court, which the court treated as a motion to withdraw his guilty plea. The court denied such motion. Defendant's counsel then moved for a reconstruction hearing to determine whether defendant was mentally competent at the time of his plea. That motion was also denied. Defendant was then sentenced to a prison term of 18 months, with one year of postrelease supervision. Defendant appeals and we affirm.

County Court properly denied defendant's request to withdraw his guilty plea. "At any time after a defendant is arraigned upon an accusatory instrument other than a felony complaint and before the imposition of sentence, or at any time after a defendant is arraigned upon a felony complaint and before he [or she] is held for the action of the grand jury, the court wherein the criminal action is pending must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). "When the examination

reports submitted to the court show that the psychiatric examiners are not unanimous in their opinion as to whether the defendant is or is not an incapacitated person, . . . the court must conduct a hearing to determine the issue of capacity" (CPL 730.30 [4]).

Here, County Court properly held a hearing after receiving the initial examination reports and its findings that defendant was competent in light of the conflicting testimony should be accorded considerable deference (*see* CPL 730.30 [3]; *People v Dewey*, 18 AD3d 894, 895 [2005]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]). We recognize that the court has a continuing duty to inquire into a defendant's competency where facts arise during trial or sentencing which indicate that the defendant cannot understand the proceedings or assist in his or her defense (*see People v Taylor*, 13 AD3d 1168, 1169 [2004], *lv denied* 4 NY3d 836 [2005]). "Nevertheless, a defendant is presumed to be competent and the law 'is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity' " (*People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999], quoting *People v Armlin*, 37 NY2d 167, 171 [1975] [citation omitted]).

Here, County Court had a number of opportunities to observe defendant over a period of several months, and no allegations were made that indicated any change in defendant's conduct after the initial hearing. Under these circumstances, the court did not abuse its discretion in refusing to order further evaluations or a reconstruction hearing later in the proceedings (*see People v Ferrer*, 16 AD3d 913, 914 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Chisolm*, 162 AD2d 267 [1990], *lv denied* 76 NY2d 892 [1990]; *People v Orama*, 150 AD2d 505, 506 [1989], *lv denied* 74 NY2d 744 [1989]).

Spain, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.