■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTOFER J. SURDIS, Appellant. [909 NYS2d 170]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 24, 2008, convicting defendant upon his plea of guilty of the crime of falsely reporting an incident in the first degree (two counts).

Defendant was charged in an indictment with five counts of falsely reporting an incident in the first degree arising out of bomb threats made to several grocery stores. Following a mental competency hearing conducted pursuant to CPL 730.30, County Court determined that defendant was fit to proceed to trial. Thereafter, defendant pleaded guilty to the first two counts in the indictment and was sentenced, as agreed, to concurrent prison terms of seven years followed by five years of postrelease supervision. Defendant appeals.

Defendant first argues that County Court erred in finding him competent to stand trial. In that regard, the burden is on the prosecution to prove a defendant's competence by a preponderance of the evidence (*see People v Mendez*, 1 NY3d 15, 19 [2003]). Here, defendant was examined by three certified psychologists, two of whom concluded that he possessed the capacity to understand the proceedings against him and that he was capable of assisting in his own defense (*see* CPL 730.10 [1]). To the extent that the third psychologist reached a different conclusion,[1] we note only that a hearing court's competency ruling is accorded considerable deference, particularly given the

---

**1.** This expert opined that defendant understood the court proceedings and all of the roles of people in the courtroom. She nonetheless concluded that defendant was unfit to proceed based on episodes of dissociation—symptoms of which include memory loss—that render him unable to assist in his own defense. However, even an amnesia victim who cannot recall the events underlying his or her offense may be competent to stand trial under CPL

existence of conflicting proof (*see People v Johnson*, 52 AD3d 1040, 1042 [2008], *lv denied* 11 NY3d 833 [2008]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]). Defendant's related claim that one of the credited witnesses was unqualified to provide expert testimony is similarly unavailing. Indeed, the admissibility of expert testimony lies within the sound discretion of the hearing court and, here, the witness possessed sufficient education, training and experience from which County Court could infer that her opinion would be reliable (*see People v Geraci*, 254 AD2d 522, 524 [1998]).[2]

Finally, given defendant's extensive criminal history, including the fact that he was under parole supervision for a similar crime when he committed the instant criminal offenses, we find no abuse of discretion nor do extraordinary circumstances exist to warrant the reduction of the agreed-upon sentence in the interest of justice (*see People v Bridge*, 69 AD3d 969, 970 [2010]; *People v Jackson*, 67 AD3d 1067, 1069 [2009], *lv denied* 14 NY3d 801 [2010]).

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

730.10 (*see People v Francabandera*, 33 NY2d 429 [1974]; *Matter of Mollen v Mathews*, 269 AD2d 42, 49 [2000]; *People v Goodell*, 164 AD2d 321, 327 [1990], *affd* 79 NY2d 869 [1992]).

2. In addition to holding a Ph.D. in clinical psychology, the witness is the chief psychologist for the Ulster County Mental Health Department (*see generally People v Troy*, 28 AD3d 689, 689-690 [2006], *lv denied* 7 NY3d 852 [2006]).