■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PASSARO JR., Appellant. [926 NYS2d 748]—

Rose, J.P.

Defendant, who has a history of physical and mental deficiencies, shot and killed his wife with a semiautomatic rifle in the presence of their two children. He was indicted on one count of murder in the second degree, one count of criminal possession of a weapon in the third degree and two counts of endangering the welfare of a child. Defendant then waived his right to a jury trial and stipulated that he shot his wife, but claimed that he was not guilty by reason of mental disease or defect and asserted the affirmative defenses of extreme emotional disturbance and mental disorder. Supreme Court found him guilty as charged. Based upon a deterioration of defendant's physical condition between the time of trial and sentencing, his counsel then moved to have him civilly committed. The court denied the motion, determined that defendant was competent to proceed with sentencing and sentenced him to concurrent prison terms aggregating 25 years to life. Defendant appeals, claiming that

his counsel was ineffective and that Supreme Court erred in determining that he was competent to proceed with sentencing.

Defendant has not demonstrated that, in light of " 'the evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation,' " his counsel failed to provide him with meaningful representation (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Our review of the record reveals that defense counsel appropriately presented two expert witnesses in support of the theory that, at the time of the shooting, defendant was in a psychotic state that included delusions and hallucinations brought on by his physical and mental illnesses, lack of sleep and prescribed medications, thus rendering him incapable of understanding either the consequences of his actions or that they were wrong. Counsel thoroughly and fully questioned the experts on direct, eliciting evidence in support of the defense theory, and appropriately conducted redirect examination to address issues brought out on cross-examination by the prosecution and questioning by the court. Based on the totality of the circumstances, including counsel's cogent pursuit of a legitimate trial strategy, we conclude that defendant received meaningful representation (*see People v Bailey*, 80 AD3d 999, 1000 [2011]; *People v Downs*, 38 AD3d 1019, 1020 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Horan*, 290 AD2d 880, 884 [2002], *lv denied* 98 NY2d 638 [2002]). The further contention that counsel failed to properly prepare the expert psychiatrist for trial is a matter that is outside the record and cannot be determined on this appeal (*see e.g. People v Moyer*, 75 AD3d 1004, 1006 [2010]).

Nor did Supreme Court err in its determination that defendant was competent to proceed with sentencing. While the record reflects that defendant suffered from debilitating physical conditions, including multiple sclerosis and diabetes, and has a long history of mental illness, that history alone does not call his competence into question (*see People v Winters*, 73 AD3d 1277, 1277 [2010], *lv denied* 15 NY3d 811 [2010]). Rather, in determining a defendant's competence to proceed, a court may take into account the findings of any competency examination as well as its own observations of defendant (*see People v Phillips*, 16 NY3d 510, 517 [2011]). The determination is a legal one, within the court's sound discretion (*see People v Mendez*, 1 NY3d 15, 20 [2003]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]). Here, Supreme Court based its determination on two recent competency reports concluding that defendant was competent to proceed, as well as its own observa-

tions of defendant in a hospital bed, and we find no reason to disturb its conclusion (*see People v Dewey*, 18 AD3d 894, 895 [2005]; *People v Campbell*, 279 AD2d at 798).

Finally, to the extent that defendant asks us to modify his sentence in the interest of justice, we decline to do so in view of the heinous and brutal nature of his crimes (*see e.g. People v Seeber*, 4 AD3d 620, 622 [2004], *affd* 4 NY3d 780 [2005]; *People v Hansen*, 290 AD2d 47, 57 [2002], *affd* 99 NY2d 339 [2003]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.