■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZACHERY W. KENDALL, Appellant. [937 NYS2d 439]—

Lahtinen, J.

Shortly before the scheduled trial, defendant elected to plead guilty to all charges in both indictments with no promise as to sentencing. For the crimes in the January 2008 indictment, he was sentenced to concurrent prison terms of 2½ to 7 years for

the burglary conviction, 90 days for the attempted petit larceny conviction and one year for the criminal mischief conviction. The sentences for the crimes in the May 2008 indictment, which were concurrent to each other but consecutive to the sentence for the crimes in the January 2008 indictment, were 25 years for the attempted murder conviction, as well as 25 years on each count of assault and burglary, plus postrelease supervision. Defendant now appeals arguing that County Court erred in finding him competent to stand trial, his plea allocution to the May 2008 indictment was insufficient and his sentence was harsh and excessive.

"The key inquiry in determining whether a criminal defendant is fit for trial is 'whether he [or she] has sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether he [or she] has a rational as well as factual understanding of the proceedings against him [or her]' " (*People v Phillips*, 16 NY3d 510, 516 [2011], quoting *Dusky v United States*, 362 US 402, 402 [1960]; *see People v Morton*, 173 AD2d 1081, 1083 [1991], *lv denied* 78 NY2d 1129 [1991]). In making this determination, "a court may take into account the findings of any competency examination as well as its own observations of [the] defendant" (*People v Passaro*, 86 AD3d 717, 718 [2011]; *see People v Phillips*, 16 NY3d at 517; *People v Beander*, 1 AD3d 632, 633 [2003], *lv denied* 1 NY3d 568 [2003]), and the trial court's determination is accorded considerable deference (*see People v Surdis*, 77 AD3d 1018, 1018-1019 [2010], *lv denied* 16 NY3d 800 [2011]; *People v Campbell*, 279 AD2d 797, 798 [2001], *lv denied* 96 NY2d 826 [2001]).

Defendant was examined by two psychiatrists and two psychologists. The two psychiatrists opined that he was competent, whereas the two psychologists concluded that defendant was incompetent. All four experts testified at the competency hearing and all noted defendant's history of substance abuse as well as mental health issues. One psychiatrist who had concluded that defendant was competent described his interaction with defendant during the examination and stated that, in his opinion, defendant understood the roles of the court, his lawyer and the District Attorney, he was aware of the potential consequences he faced for his conduct, and he had the ability to assist in his defense. One of the psychologists who had reported defendant as incompetent acknowledged during cross-examination that defendant knew he was in serious trouble and had a general understanding of the proceedings. County Court observed defendant during many court appear-

ances involving the two indictments and characterized him as cooperative with appropriate behavior in all his appearances. Although conflicting proof·was presented, the record supports County Court's determination that defendant was competent to stand trial.

Defendant's challenge to the sufficiency of his plea is unavailing. During the plea allocution, defendant made a statement tending to negate the intent element of the attempted murder charge. However, County Court followed up with pertinent questions, and defendant specifically admitted all elements of the crime of attempted murder in the second degree (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Karolys, 85 AD3d 1213 [2011], lv denied 17 NY3d 818 [2011]; People v Clavie, 28 AD3d 872, 873 [2006]). Defendant's further assertion that his drug use negated his intent as to all crimes in the May 2008 indictment is unpreserved and, in any event, is unpersuasive in light of his assurance to County Court during the plea allocution that he remembered the relevant details surrounding his participation in the crimes and his recitation of such details (see People v Jones, 73 AD3d 1386, 1387 [2010]; People v Lasher, 14 AD3d 943, 944 [2005]; People v Mahar, 12 AD3d 715, 716 [2004]).

A sentence generally will not be disturbed on appeal unless the sentencing court abused its discretion or there are extraordinary circumstances warranting a reduction in the interest of justice (see People v Welch, 71 AD3d 1329, 1332 [2010], lv denied 15 NY3d 811 [2010]; People v Perkins, 56 AD3d 944, 946 [2008], lv denied 12 NY3d 786 [2009]). The conduct that resulted in the May 2008 indictment involved a senseless attack of a brutal and vicious nature that left the victim with permanent physical and emotional scars. Defendant entered the victim's apartment at about 4:00 A.M. by crawling through a window; he went to her bedroom where she was sleeping, put a hand over her face and, using a 15-inch knife, he—in his own words—"sawed" her neck, causing injuries so severe that her surgeon reportedly described her survival as miraculous. County Court noted defendant's history of mental health issues, his extensive abuse of drugs and the extent of his past criminal conduct, as well as the recent escalation of such conduct. Although defendant received maximum sentences on the two indictments, we are unpersuaded that County Court abused its discretion or that modification of the sentence is otherwise warranted (see People v Smith, 27 AD3d 894, 898-899 [2006], lv denied 6 NY3d 898 [2006]; People v Wright, 22 AD3d 873, 876-877 [2005], lv denied 6 NY3d 761 [2005]).

Mercure, A.P.J., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.