# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

369

KA 11-01117

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LUKE J. WRIGHT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered May 24, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts), predatory sexual assault, rape in the first degree, criminal sexual act in the first degree, rape in the second degree, criminal sexual act in the second degree, incest in the third degree, unlawful imprisonment in the first degree as a hate crime and endangering the welfare of an incompetent or physically disabled person.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of assault in the first degree (Penal Law § 120.10 [1]) under count 3 of the indictment to assault in the second degree (§ 120.05 [2]), reducing the conviction of unlawful imprisonment in the first degree as a hate crime (§§ 485.05 [1] [b]; 135.10) under count 10 of the indictment to unlawful imprisonment in the first degree (§ 135.10), and vacating the sentences imposed on those counts, and by vacating the sentence imposed for the conviction of rape in the second degree (§ 130.30 [2]) under count 7 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for sentencing on the conviction of assault in the second degree and unlawful imprisonment in the first degree and resentencing on the conviction of rape in the second degree.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (two counts) (Penal Law § 120.10 [1]); predatory sexual assault (§ 130.95 [1] [b]) with aggravated sexual abuse in the first degree (§ 130.70 [1] [a]) as the underlying crime; one count each of rape and criminal sexual act in the first degree (§§ 130.35 [1]; 130.50 [1] [forcible compulsion]) and rape and criminal sexual act in the second degree (§§ 130.30 [2];

130.45 [2] [mentally disabled victim]); incest in the third degree (§ 255.25); unlawful imprisonment in the first degree as a hate crime (§§ 135.10, 485.05 [1] [b]); and endangering the welfare of an incompetent or physically disabled person (§ 260.25). We reject defendant's contention that County Court erred in determining after a hearing that defendant was not an incapacitated person (see CPL 730.10 [1]). We conclude that the prosecution met its burden of establishing by a preponderance of the evidence that defendant possessed the capacity to understand the nature of the proceedings against him and that he was capable of assisting in his own defense (see People v Mendez, 1 NY3d 15, 19-20; People v Surdis, 77 AD3d 1018, 1018, lv denied 16 NY3d 800). Defendant was examined by two forensic psychiatrists, each of whom concluded that defendant was competent to stand trial, and the hearing court's competency ruling is entitled to great deference (see Surdis, 77 AD3d at 1018-1019; People v Brow, 255 AD2d 904, 904-905). We reject defendant's further contention that the court erred in failing to reopen the competency hearing based upon the report defendant's psychologist issued following the hearing but based on the result of his examinations of defendant prior to the hearing. We recognize that the court has a continuing duty to inquire into a defendant's competency where facts arise during trial that indicate that the defendant cannot understand the proceedings or assist in his or her defense (see People v Taylor, 13 AD3d 1168, 1169, lv denied 4 NY3d 836). However, at the time defendant moved to reopen the hearing, defense counsel indicated that he had not observed any change in defendant during the course of his representation. Further, defense counsel made no allegations indicating that there was any change in defendant's conduct after the initial hearing, and the court had the opportunity during trial to observe defendant and his interaction with counsel. Under these circumstances, we conclude that the court did not abuse its discretion in refusing to reopen the competency hearing (see People v Johnson, 52 AD3d 1040, 1042, lv denied 11 NY3d 833). We note in any event that, during the trial the court permitted defendant's expert, over the objection of the prosecutor, to testify that in his opinion defendant was not competent to stand trial.

Defendant failed to preserve for our review his contention that his waiver of the right to be present at bench conferences during jury selection was not knowingly, voluntarily and intelligently made (see People v King, 234 AD2d 391, 391, lv denied 89 NY2d 986). In any event, that contention has no merit. Defendant was apprised by the court that it would not conduct bench conferences if he insisted on being present, whereupon defendant expressly waived his right to be present. We conclude that the waiver was knowingly, intelligently and voluntarily made (see People v Cahill, 2 NY3d 14, 55-56; People v Vargas, 88 NY2d 363, 375-378).

Also contrary to defendant's contention, the court properly allowed the People to amend the indictment. The amendments did not change the theory of the prosecution and did not "otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; see People v Brink, 31 AD3d 1139, 1140, lv denied 7 NY3d 865). Defendant's contention that certain photographs of the victim were inflammatory

and should not have been admitted in evidence lacks merit.  The court had broad discretion in determining whether the probative value of the photographs outweighed any prejudice to defendant (*see People v Law*, 273 AD2d 897, 898, *lv denied* 95 NY2d 965).  Here, the photographs were relevant with respect to, inter alia, the nature and extent of the injuries (*see id.*).

Defendant failed to preserve for our review his further contentions that his constitutional rights were violated by the use of the recorded jailhouse telephone conversations between defendant and others (*see* CPL 470.05 [2]), that his consent to provide a DNA sample to the police was not valid (*see People v Adger*, 83 AD3d 1590, 1591, *lv denied* 17 NY3d 857), and that he was denied a fair trial by prosecutorial misconduct (*see People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By proceeding to trial and failing to raise an objection at trial concerning the court's alleged failure to rule on his request for suppression of his January 22, 2009 statement to the police, defendant abandoned any procedural challenge to that alleged failure (*see People v Nix*, 78 AD3d 1698, 1699, *lv denied* 16 NY3d 799, *cert denied* ___ US ___, 132 S Ct 157; *People v Anderson*, 52 AD3d 1320, 1320-1321, *lv denied* 11 NY3d 733).  Even assuming, arguendo, that defendant was in custody when he made one or more of his prearrest statements, we conclude that the statements were made pursuant to valid waivers of his *Miranda* rights (*see People v Williams*, 62 NY2d 285, 287-290; *see also People v Debo*, 45 AD3d 1349, 1350, *lv denied* 10 NY3d 809).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence because his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal and because he failed to renew his motion after presenting evidence (*see People v Roman*, 85 AD3d 1630, 1630, *lv denied* 17 NY3d 821).  Nevertheless, we exercise our power to address that contention with respect to counts 3 and 10 of the indictment as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), and we conclude that the evidence is legally insufficient to support the conviction on those counts (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the third count of the indictment, charging defendant with assault in the first degree (Penal Law § 120.10 [1]), we agree with defendant that the evidence is legally insufficient to support the serious physical injury element of the crime (*see generally People v Stewart*, 18 NY3d 831, 832-833).  We therefore modify the judgment by reducing the conviction under count three to assault in the second degree (§ 120.05 [2]; *see People v Snyder*, 294 AD2d 381, 382, *lv denied* 98 NY2d 702]), and we remit the matter to County Court for sentencing on that conviction (*see generally People v Huntsman*, 96 AD3d 1387, 1390, *lv denied* 20 NY3d 1099).

With respect to count 10, charging defendant with unlawful imprisonment in the first degree as a hate crime (Penal Law §§ 135.10, 485.05 [1] [b]), we agree with defendant that the evidence is legally insufficient to support the hate crime element of the conviction. While the victim's disability may have provided the opportunity for defendant to commit the crime of unlawful imprisonment, the People failed to establish that defendant committed the "specified offense" of unlawful imprisonment "in whole or in substantial part because of a belief or perception regarding" such disability (§ 485.05 [1] [b]). We therefore further modify the judgment by reducing the conviction under count 10 to unlawful imprisonment in the first degree (§ 135.10; cf. *People v Ortiz*, 48 AD3d 1112, 1112), and we remit the matter to County Court for sentencing on that conviction as well (*see generally Huntsman*, 96 AD3d at 1390). Based on our resolution of the legal sufficiency issue with respect to counts 3 and 10, we do not address defendant's alternate contentions with respect to those counts. Viewing the evidence in light of the elements of the remaining crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

As the People correctly concede, the indeterminate sentence imposed on the conviction of rape in the second degree under count seven is illegal (*see* Penal Law § 70.80 [1] [3]). We therefore additionally modify the judgment by vacating the sentence imposed on count seven, and we remit the matter to County Court for resentencing on that count. We reject defendant's contention that the imposition of a five-year period of postrelease supervision on the conviction of criminal sexual act in the second degree is illegal (*see* § 70.45 [2-a] [d]). We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Caban*, 5 NY3d 143, 152; *People v Baldi*, 54 NY2d 137, 147). Defendant's sentence is not unduly harsh or severe.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  June 7, 2013                    Frances E. Cafarell
                                          Clerk of the Court