*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 27, 2016                    106755
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

RICARDO ZAYAS-TORRES,
                        Appellant.
_____

Calendar Date:  September 7, 2016

Before:  Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Terence L. Kindlon, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 14, 2012, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and criminal possession of stolen property in the third degree.

        On Christmas night in 2011, the residents of two apartments in the City of Albany discovered that someone had entered their homes in their absence and stolen various items including televisions, cameras and a pair of Louis Vuitton sunglasses.  A few weeks later, in a thrift shop owned by a mutual acquaintance, defendant approached an individual who regularly bought and sold antiques and jewelry and asked her to sell a pair of Louis

Vuitton sunglasses for him on commission. She initially agreed to do so and, in defendant's presence, placed the sunglasses in a safe in her apartment; however, she later called off the transaction and returned the sunglasses to defendant. Shortly thereafter, this individual returned home after an absence to find that her apartment had been entered, her safe had been broken into, and jewelry and other items had been removed.

The following day, the owner of the thrift shop reported that defendant had told him that he had broken into the apartment and stolen the jewelry. Defendant was arrested and police executed a search warrant at his home, finding items that the victims of all three burglaries identified as their stolen property. Defendant told police that he had taken property from two of the apartments and had assisted another individual in taking property from the third apartment. He was charged in a five-count indictment with burglary in the second degree (three counts), grand larceny in the third degree and criminal possession of stolen property in the third degree. Following a jury trial, he was acquitted of the grand larceny charge, convicted of the remaining charges, and sentenced to an aggregate prison term of 14 years with five years of postrelease supervision. Defendant appeals.

We reject defendant's contention that the indictment should be dismissed because he was improperly deprived of his right to testify before the grand jury. A defendant who fails to challenge an indictment within five days of arraignment waives the right to seek dismissal on this ground (see CPL 190.50 [5] [c]; People v Welden, 140 AD3d 1406, 1406 [2016], lv denied 28 NY3d 938 [2016]). Defendant raised no such challenge; accordingly, the argument has been waived. As for defendant's assertion that he received the ineffective assistance of counsel based upon his counsel's failure to secure his right to testify, such a failure "does not, per se, amount to a denial of effective assistance of counsel," even when it results from error rather than strategy (People v Wiggins, 89 NY2d 872, 873 [1996]). To establish such a claim, "a defendant must show prejudice — for example, that if he or she had testified in the grand jury, the outcome would have been different" (People v Hogan, 26 NY3d 779, 787 [2016] [internal quotation marks, ellipsis and citation

omitted]).  Here, defendant — who testified at trial and was nevertheless convicted of several crimes — has shown no such prejudice (see People v Carlton, 120 AD3d 1443, 1444-1445 [2014], lv denied 25 NY3d 1070 [2015]; People v Lasher, 74 AD3d 1474, 1476 [2010], lv denied 15 NY3d 894 [2010]).

County Court properly denied defendant's motion to suppress his statements to police and the physical evidence found in his home.  Contrary to defendant's claim, police testimony at the joint Mapp/Dunaway/Huntley hearing and a video of defendant's interrogation following his arrest established that he was "fully informed of, understood and waived his Miranda rights before any questioning commenced" (People v Carter, 140 AD3d 1394, 1395 [2016], lv denied ___ NY3d ___ [Sept. 26, 2016]).  As for defendant's claim that police improperly coerced his confession, the hearing testimony and video reveal that, during the first part of the interview, defendant denied any knowledge of the thefts.  After approximately an hour, police stopped questioning him and left to execute the search warrant.  Upon their return, they informed defendant that items from the burglaries had been found in his home, and he admitted his involvement.  Defendant asserts that police improperly coerced him to make this admission by threatening to arrest his girlfriend and place his children with child protective authorities if he did not take responsibility for the presence of the stolen items in the apartment.  However, the girlfriend resided with defendant in the apartment where the stolen items were found, and, thus, the warning that she might be implicated was not deceptive.  It is well established that "police are free 'to capitalize on a defendant's sense of shame or reluctance to involve his family in a pending investigation absent circumstances which create a substantial risk that [he or she] might falsely incriminate himself [or herself]'" (People v Cavallaro, 123 AD3d 1221, 1223 [2014], quoting People v Johnson, 177 AD2d 791, 792 [1991]).  Under the totality of the circumstances presented, we agree with County Court that no substantial risk of false incrimination was present and the People met their burden to prove that defendant's statements were voluntary (see People v Mateo, 2 NY3d 383, 419 [2004], cert denied 542 US 946 [2004]; People v Cavallaro, 123 AD3d at 1223; People v Balkum, 71 AD3d 1594, 1597 [2010], lv denied 14 NY3d 885 [2010]).

We further reject defendant's contention that the search warrant was not supported by probable cause. Contrary to defendant's argument, County Court was not required to apply the Aguilar-Spinelli standard to establish the informant's reliability and basis of knowledge. That test applies to information supplied by confidential informants (see People v Martinez, 80 NY2d 549, 552 [1992]). By contrast, "[the] sworn statement of an identified member of the community attesting to facts directly and personally observed by him [or her] is in and of itself sufficient to support the issuance of a search warrant" (People v David, 234 AD2d 787, 788 [1996], lv denied 89 NY2d 1034 [1997]). Here, the warrant application included the signed and sworn statement of a fully identified witness. The information contained in the statement arising from the firsthand observations of that witness was sufficient to provide the issuing court with probable cause to believe that defendant had committed the burglaries and that the stolen property identified in the application would be found in defendant's home (see People v Banks, 14 AD3d 726, 727 [2005], lv denied 4 NY3d 851 [2005]; People v Bourdon, 258 AD2d 810, 811 [1999], lv denied 93 NY2d 897 [1999]; People v David, 234 AD2d at 787-788).

Defendant's contention that his counsel was ineffective for failing to obtain suppression of his statement on the ground that the police lacked probable cause for his arrest is without merit. The record belies defendant's claim that his counsel failed to raise an appropriate challenge to his warrantless arrest; the joint Dunaway/Mapp/Huntley hearing was conducted at defense counsel's behest. The hearing testimony established, among other things, that defendant's arrest was based upon the thrift shop owner's statement to police that defendant had supplied him with certain items that proved to be stolen property. Defense counsel actively cross-examined the People's witnesses, in an attempt to establish that this evidence was unreliable. Despite counsel's efforts, County Court concluded that police had probable cause to arrest defendant without a warrant, and we find no error in that determination (see CPL 140.10 [1] [b]; People v Mantia, 299 AD2d 664, 666 [2002], lv denied 99 NY2d 617 [2003]). Defense counsel was not ineffective for failing to renew this argument at trial or to make various other arguments related to defendant's allegedly improper arrest that defendant now contends should have

been raised. "[F]ailure to make a motion or argument that has little or no chance of success" does not constitute the ineffective assistance of counsel (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Carver, 27 NY3d 418, 421 [2016]). The record reveals that counsel made appropriate pretrial motions, cross-examined witnesses effectively, pursued a coherent theory of defense and obtained an acquittal on one of the charges. "Viewing the evidence, the law, and the circumstances of the case in totality and as of the time of the representation, we find that counsel provided meaningful representation" (People v Jackson, 48 AD3d 891, 894 [2008], lv denied 10 NY3d 841 [2008]; see People v Baldi, 54 NY2d 137, 147 [1981]).[1]

Next, defendant contends that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence in that the People failed to prove his intent or his actual knowledge that the items found in his apartment were stolen. Defendant's legal sufficiency argument is unpreserved, as he did not raise these specific arguments in his general motion for a trial order of dismissal (see People v Farnsworth, 134 AD3d 1302, 1303 [2015], lv denied 27 NY3d 1068 [2016]). "Nevertheless, our weight of the evidence analysis necessarily involves an evaluation of whether all elements of the charged crimes were proven beyond a reasonable doubt at trial" (People v Harden, 134 AD3d 1160, 1160 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 1133 [2016]; see People v Danielson, 9 NY3d 342, 348-349 [2007]).

At trial, the victims testified that the property found by police in defendant's apartment included televisions, speakers and other items that they identified as property stolen from their homes. The victim whose safe was broken into stated that

---

[1] To the extent that defendant's claims related to his counsel's alleged failures are based on matters outside the record, they are improperly raised upon direct appeal and should rather be raised in a motion to vacate the judgment pursuant to CPL article 440 (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Carlton, 120 AD3d at 1445).

her stolen jewelry was worth between $7,000 and $10,000.  The thrift shop owner testified that defendant offered to sell him video games and other electronic items that corresponded with some of the stolen items, and that he saw televisions corresponding with the stolen items in defendant's home.  He further stated that a broken television found by police in his thrift shop had been brought there by defendant, who said that he had dropped it.  Other testimony established that this television had been stolen from one of the victims and was not broken before it was stolen, and the remote control that operated it was found in defendant's apartment.  The thrift shop owner further described the telephone call in which defendant told him that he had broken into one of the apartments and had stolen jewelry.  The video recording of the police interview was admitted into evidence, in which defendant admitted that he had entered two of the apartments through windows, had assisted a third party in burglarizing the third apartment and had taken jewelry and electronics.  Defendant's account during this interview included accurate details about the thefts that police testified they had not communicated to him.

Defendant testified at trial, contradicted his earlier admissions and denied the thefts.  He claimed that he did not know that the property found in his apartment was stolen, stating that it came from the thrift shop and that he was storing it at the owner's request.  He further testified that he worked in the thrift shop on commission — which the thrift shop owner denied — and that the owner had directed him to arrange to have the customer sell the Louis Vuitton sunglasses.  He denied the customer's testimony that he had gone to her apartment to arrange the sale of the sunglasses; however, a receipt from the transaction was found in his wallet.  Deferring to the jury's credibility determinations and viewing the evidence in a neutral light, we are persuaded that the verdict is not against the weight of the evidence (see People v Carter, 140 AD3d at 1395; People v Morrison, 127 AD3d 1341, 1343 [2015], lv denied 26 NY3d 932 [2015]; People v Helms, 119 AD3d 1153, 1154-1155 [2014], lv denied 24 NY3d 1044 [2014]).

We reject defendant's contention that his sentence is harsh and excessive.  The fact that the sentence is longer than a

pretrial plea offer, without more, does not establish that he was punished for rejecting the offer and proceeding to trial (see People v Royster, 107 AD3d 1298, 1301-1302 [2013], lv denied 22 NY3d 958 [2013]; People v Souffrant, 93 AD3d 885, 887 [2012], lv denied 19 NY3d 968 [2012]).  County Court expressly stated that the sentence was not premised upon defendant's exercise of his right to trial, noting that the account of events he had offered was not truthful.  The sentence imposed was lower than the maximum, and in view of defendant's failure to accept responsibility or express remorse, we find no abuse of discretion or extraordinary circumstances warranting modification (see People v Sparks, 105 AD3d 1073, 1074-1075 [2013], lvs denied 21 NY3d 1003, 1010 [2013]).  Defendant's remaining contentions have been examined and found to be without merit.

        Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.


        ORDERED that the judgment is affirmed.


                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court