People v Surdis (2018 NY Slip Op 02843)





People v Surdis


2018 NY Slip Op 02843


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

108993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KRISTOFER J. SURDIS, Also Known as KRISTOPHER SURDIS, Appellant.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ.


John Ferrara, Monticello, for appellant.
D. Holley Carnright, District Attorney, Kingston (Carly Wolfrom of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 29, 2016, convicting defendant upon his plea of guilty of the crime of falsely reporting an incident in the first degree.
Defendant was charged with falsely reporting an incident in the first degree for calling in a bomb threat to a grocery store while he was incarcerated on another conviction for the same crime. Pursuant to a plea agreement that included a waiver of appeal, defendant waived indictment and pleaded guilty as charged in a superior court information to one count of falsely reporting an incident in the first degree. The terms of the agreement provided that the guilty plea satisfied numerous pending charges in Ulster County, including four separate charges of making a terroristic threat and three charges of aggravated harassment.
Defendant signed a written waiver of appeal and was sentenced, consistent with the agreement, as an admitted second violent felony offender to a seven-year prison term followed by five years of postrelease supervision (hereinafter PRS). The sentence was ordered to run concurrently with the prison term he was then serving, and orders of protection were issued. Defendant now appeals.
Defendant argues that the five-year period of postrelease supervision was unlawful. While this challenge to the legality of the sentence survives his unchallenged waiver of appeal (see People v Blair, 140 AD3d 1478, 1479 [2016], lv denied 28 NY3d 927 [2016]), it is incorrect. Defendant pleaded guilty to falsely reporting an incident in the first degree, a class D violent felony offense (see Penal Law §§ 70.02 [1] [d]; 240.60 [1]). The People filed a predicate [*2]violent felony offender statement, and defendant admitted that he was a second violent felony offender based upon a 2008 conviction for the same crime (see Penal Law § 70.04; see also People v Surdis, 77 AD3d 1018 [2010], lv denied 16 NY3d 800 [2011]). Accordingly, as defendant was properly sentenced as a second violent felony offender, a determinate sentence was required (see Penal Law §§ 60.05 [6]; 70.04 [2], [3]), with a mandatory five-year period of PRS (see Penal Law §§ 70.00 [6]; 70.45 [2]). Contrary to his claim, he was not entitled to the lesser period of PRS authorized for first-time violent felony offenders (see Penal Law §§ 70.02 [3] [c]; 70.45 [2] [e]).
Defendant further contends that the duration of the orders of protection exceeds the maximum permitted by law. County Court stated at sentencing that the orders would expire on September 29, 2030, but set the expiration date of the orders as September 29, 2036. Initially, as the duration of the orders was first discussed at sentencing, after the appeal waiver, this claim survives that waiver (see People v Clark, 155 AD3d 1184, 1185 [2017]). While this issue must ordinarily be preserved by an objection at or before sentencing, the record does not reflect that the 2036 expiration date on the orders was disclosed to defendant or counsel at sentencing, or that any of the parties were aware of the date discrepancy; thus, defendant had no practical ability to object and preservation was not required (see People v Williams, 27 NY3d 212, 221 [2016]; People v Clark, 155 AD3d at 1185). As relevant here, the expiration date of an order of protection for a felony conviction may be the greater of "eight years from the date of [the] sentencing" or "eight years from the date of the expiration of . . . the term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [4]). Using the date of sentencing, the orders could expire no later than September 29, 2024. However, using the maximum expiration date of the determinate sentence — which includes both the prison term and the period of PRS (see People v Williams, 19 NY3d 100, 101-102, 104 [2012]) — the orders could expire in 2036 (prison sentence imposed in 2016 of seven years followed by five years of PRS equals 2028, plus eight years). Since defendant does not contend that he was entitled to more jail time credit or that he would have moved to vacate his plea had he known that the orders would expire in 2036, we discern no basis upon which to disturb the authorized expiration dates of the orders of protection.
Garry, P.J., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.