People v Bostic (2019 NY Slip Op 05722)





People v Bostic


2019 NY Slip Op 05722


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEVON BOSTIC, Appellant.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered June 30, 2017 in Albany County, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and assault in the second degree.
Defendant was charged by indictment with attempted assault in the first degree and assault in the second degree on allegations that he struck and injured the victim, a store employee, with a razor blade. This incident occurred when defendant used one of the store's lighters to ignite what the victim believed to be a marihuana cigarette, and the victim tried to prevent defendant from leaving the premises while the police were called. After a jury trial, defendant was convicted as charged and was sentenced to concurrent prison terms of 18 years to life and 12 years to life, respectively. Defendant appeals.
We affirm. Initially, defendant waived his argument that his statements to police should not have been admitted into evidence, and, nevertheless, the argument lacks merit. Supreme Court denied defendant's motion to suppress the statements to police because, based on the testimony presented at the hearing, defense counsel conceded that there was "no real argument that [he] could make that the statements [were not] voluntary" and, at the suppression hearing, he stipulated to the constitutionality of the statements based upon a review of the video of the interview (see People v Katehis, 117 AD3d 1080, 1081 [2014], lv denied 25 NY3d 951 [2015]; People v Stroman, 27 AD3d 589, 590 [2006], lv denied 7 NY3d 763 [2006]).
Supreme Court did not err by refusing to strike a prospective juror for cause. "[W]here a prospective juror unambiguously states that, despite preexisting opinions that might indicate bias, he or she will decide the case impartially and based on the evidence, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible" (People v Warrington, 28 NY3d 1116, 1120 [2016] [internal quotation marks, brackets, emphasis and citation omitted]; see People v Gross, 172 AD3d 741, 743 [2019]). Further, a "nodding acquaintance" (People v Provenzano, 50 NY2d 420, 425 [1980]) with the [*2]District Attorney does not disqualify a juror, especially where the relationship was "limited in nature" (People v Scott, 16 NY3d 589, 595 [2011]). The prospective juror in question, who is now retired, had worked previously as a peace officer with arrest powers and as a part-time police officer for the Village of Altamont Police Department, his retired mother was previously head of security in the Albany County District Attorney's office and he had met the District Attorney four or five times at various events. He also requested to use the restroom and was absent for a portion of the defense's voir dire, as consented to by defense counsel. Supreme Court did not err by refusing to strike this prospective juror for cause because any possible bias against defendant was cured upon questioning by the court, wherein the prospective juror repeatedly and unequivocally affirmed that he could be impartial and could evaluate the case, evidence and law as given (see People v Warrington, 28 NY3d at 1119-1121; People v Provenzano, 50 NY2d at 423-425; People v Gross, 172 AD3d at 743).
Supreme Court did not abuse its discretion in determining that defendant was competent to stand trial. "The key inquiry in determining whether a criminal defendant is fit for trial is whether he or she has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding — and whether he or she has a rational as well as factual understanding of the proceedings against him or her. In making this determination, a court may take into account the findings of any competency examination as well as its own observations of the defendant. Notably, trial fitness is a legal, judicial determination, and not a medical one, and we accord considerable deference to a trial court's determination in this regard" (People v Babcock, 152 AD3d 962, 963 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 947 [2017]; see People v Phillips, 16 NY3d 510, 516-517 [2011]; People v Kendall, 91 AD3d 1191, 1192 [2012]; People v Surdis, 77 AD3d 1018, 1018-1019 [2010], lv denied 16 NY3d 800 [2011]; People v Campbell, 279 AD2d 797, 798 [2001], lv denied 96 NY2d 826 [2001]).
Here, Supreme Court, sua sponte, ordered that defendant be examined to determine if he was competent to stand trial. Three different doctors examined defendant, two on behalf of the People and one on behalf of defendant, and all three determined that defendant was competent to stand trial. We are cognizant of defendant's contention that his counsel was unable to communicate with him during trial and that defendant engaged in repeated and inappropriate outbursts during trial. However, his assertion of incompetency is belied by the trial transcript, which shows that defendant was able to successfully testify on his own behalf and clearly responded to questioning on direct and cross-examination. Thus, according deference to Supreme Court's competency determination, we cannot conclude that the court erred in that regard (see People v Phillips, 16 NY3d at 516-517; People v Babcock, 152 AD3d at 963-964; People v Kendall, 91 AD3d at 1192; People v Surdis, 77 AD3d at 1018-1019; People v Campbell, 279 AD2d at 798).
Further, defendant was not deprived of the effective assistance of counsel. "To prevail on an ineffective assistance of counsel claim under the NY Constitution, a defendant bears the burden of establishing that defense counsel deprived him or her of a fair trial by providing less than meaningful representation" (People v Ildefonso, 150 AD3d 1388, 1388 [2017] [citations omitted], lv denied 30 NY3d 980 [2017]; see People v Stetin, 167 AD3d 1245, 1249 [2018], lv denied 32 NY3d 1178 [2019]). Counsel's "[f]ailure to make a motion or argument that has little or no chance of success does not constitute the ineffective assistance of counsel" (People v Zayas-Torres, 143 AD3d 1176, 1179-1180 [2016] [internal quotation marks and citations omitted], lv denied 30 NY3d 984 [2017]; see People v Caban, 5 NY3d 143, 152 [2005]).
Defendant's contention that his counsel was ineffective for failing to challenge the voluntariness of his statement to police is belied by the record, which demonstrates that defense counsel zealously advocated for defendant throughout the suppression hearing and, upon the conclusion of the evidence, determined that there was no cognizable legal theory under which to further argue for the suppression of defendant's statements. Ultimately, defense counsel used defendant's statement to police at trial, due to its consistency with his grand jury testimony, to advance defendant's theory of justification. Defense counsel was not ineffective for failing to [*3]continue or failing to renew an argument that had little to no chance of success (see People v Caban, 5 NY3d at 152; People v Zayas-Torres, 143 AD3d at 1179-1180).
Defendant's further contentions regarding ineffective assistance of counsel are based on counsel's alleged failures to make arguments, objections or motions that had little or no chance of success (see People v Caban, 5 NY3d at 152; People v Stetin, 167 AD3d at 1250; People v Zayas-Torres, 143 AD3d at 1179-1180). A majority of these alleged errors are contradicted by the record, which shows that counsel successfully objected, raised issue with and otherwise addressed in some regard the issues that defendant now contends amount to ineffective assistance. Defendant's remaining ineffective assistance arguments are without merit as "defendant has not demonstrated the absence of strategic or other legitimate explanations for counsel's alleged shortcomings," specifically regarding counsel's failure to request a missing witness instruction (People v Stanley, 108 AD3d 1129, 1130-1131 [2013] [internal quotation marks and citation omitted], lv denied 22 NY3d 959 [2013]; see People v Benevento, 91 NY2d 708, 712-713 [1998]). Defendant's contentions regarding the substance and timing of the Molineux jury instructions and defendant's challenges to the People's summation, except for his propensity challenges, are unpreserved. The remainder of defendant's arguments have been examined and are without merit.
Clark, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.