■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT J., Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered March 23, 1987 in Tompkins County, which sentenced defendant upon his adjudication as a youthful offender.

At approximately 5:00 A.M. on November 24, 1985, Michael Unger, a student at Cornell University, was getting ready to go to sleep when an individual entered his room. The individual was about six feet from Unger. A hall light allowed Unger to see most of the individual's face. As the individual took a bag from the desk of Unger's roommate, Unger spoke to the individual, who then claimed he was in the wrong room and exited with the bag. Shortly thereafter, Unger saw the same individual reenter the room and take another bag containing property of Unger's roommate. Unger immediately called the college security police. At that time, Unger gave a description of the perpetrator to the police. While on the phone to the police, Unger saw the perpetrator a third time as he passed by Unger's window. While Unger was riding with police in a search for the perpetrator, he heard over the car's radio that a suspect had been picked up. Unger was then brought to police headquarters where he identified defendant as the individual who had entered his room.

Defendant was subsequently charged with burglary in the second degree. Defendant moved to suppress the identification evidence. Supreme Court ruled that the showup identification of defendant was obtained through unduly suggestive means and was thus inadmissible. The court further ruled that Unger had sufficient independent knowledge of the perpetra-

tor's appearance to allow him to make an in-court identification. The matter moved to trial and, at the close of defendant's case, defense counsel requested Supreme Court to give an expanded charge to the jury as to identification. The court denied the request. The jury returned a verdict of guilty. Subsequently, defendant was afforded youthful offender status and sentenced to five years' probation. This appeal ensued.

Defendant contends that Supreme Court's refusal to give the expansive identification instruction constituted reversible error. Where, as here, identification is a major issue, it is the preferable practice for the court to give a more detailed identification charge (see, People v Whalen, 59 NY2d 273, 279; People v Allah, 126 AD2d 778, 781, lv denied 69 NY2d 876). However, if the court's charge informs the jury that identification must be proven beyond a reasonable doubt and instructs them as to the weighing of witnesses' credibility, it has met the minimal requirements (see, People v Whalen, supra, at 279). Here, Supreme Court instructed the jury that the burden of proof beyond a reasonable doubt was upon the prosecution and that it never shifted. The court further stated that the prosecution had the burden of proving all of the elements of the crime. The jurors were informed of the law requiring the weighing of witnesses' testimony. We conclude that the charge, while less than ideal, was sufficient.

Defendant also seeks reversal upon the ground that Supreme Court allegedly erred in ruling that Unger could make an in-court identification of defendant, despite the defective showup identification, since his observation of defendant at the commission of the crime gave him an independent source of identification. An in-court identification is not precluded by an unlawful procedure so long as there is clear and convincing evidence that the in-court identification derives from an independent basis which preceded the unlawful procedure (see, United States v Wade, 388 US 218, 240-241; see also, United States v Crews, 445 US 463, 471; People v Pleasant, 54 NY2d 972, 973, cert denied 455 US 924). Factors to be considered in evaluating the likelihood of misidentification include the prior opportunity to view the criminal act, the witness's degree of attention, the accuracy of prior descriptions and the level of certainty demonstrated by the witness (see, Neil v Biggers, 409 US 188, 199). Here, Unger saw the perpetrator three times, twice at a close distance. While the lighting was not ideal, Unger stated that the perpetrator's face was turned in such a way that he could see most of it in a hallway light. Unger correctly described articles of clothing that the perpetrator

was wearing and certain of his physical characteristics. He further opined that he would have been able to identify defendant as the perpetrator even if he had not seen him at the showup identification. We conclude that Supreme Court's determination that an independent basis existed for the in-court identification was not erroneous.

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.