THIRD DEPARTMENT, JANUARY, 1990

(January 4, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN RAINES, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered June 4, 1986, convicting defendant upon her plea of guilty of the crime of scheme to defraud in the first degree.

Defendant was sentenced to the time already served in the Broome County jail, to probation for a term of five years, with a specific condition that she make restitution in the sum of $3,301.56 to reimburse various holders of bad checks she issued (together with a surcharge of 5% of that amount, later waived by County Court) and, in addition, that she make

reparation to Broome County in the sum of $680 to cover the expense of transporting her back to that county from Florida. As part of the plea agreement, defendant reserved her right to contest the imposition of the transportation charge, contending that such a condition was illegal.

The sole issue on this appeal is the legality of that portion of the sentence which imposed the transportation charge. Penal Law § 60.27 provides for the restitution and reparation to the "victim of [a] crime * * * for the loss or damage caused thereby" (Penal Law § 60.27 [1]). Defendant was residing in Florida at the time the indictment was returned against her. The Penal Law does not vest the court with discretion to impose, as a condition of probation, the costs of transportation or apprehension of a defendant (see, Penal Law § 65.10 [2]). It is not, in our view, that type of "loss or damage" contemplated by the statute, nor do we view the county as a party standing in the shoes of a "victim of the crime" (see, Penal Law § 60.27; see also, People v Hall-Wilson, 69 NY2d 154, 157-158).

Judgment modified, on the law, by vacating that portion thereof which directed reparation to Broome County in the sum of $680 for transportation costs, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.