■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS STACEY JR., Appellant.—Mercure, J. Appeal from a judgment of the County Court of Chemung County (Danaher

Jr., J.), rendered May 17, 1989, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.

On November 26, 1988, defendant entered Cathy's Auto Sales in the City of Elmira, Chemung County, and asked to test drive a 1979 Oldsmobile. After a brief discussion with the owner, Cathy Kent, defendant was given $5 for gas, the keys and dealer plates to take the car for a ride, and was informed that he should not be gone long as the business would soon close. Defendant never returned the car. On November 30, 1988, defendant was arrested in a bar in Columbus, Nebraska, with the car parked outside and the ignition keys in his pocket. Following indictment and trial, the jury found defendant guilty of grand larceny in the fourth degree as charged in the second count of the indictment (Penal Law § 155.30 [8]). Thereafter, defendant was sentenced to an indeterminate term of incarceration of 1⅓ to 4 years, with court-ordered restitution totaling $2,180.74. Defendant now appeals.

We turn first to defendant's claim that County Court erred in ruling that Kent could make an in-court identification of defendant despite its finding that a photo array shown to Kent was unduly suggestive. An in-court identification is not precluded by an improper identification procedure so long as clear and convincing evidence establishes that the in-court identification derives from an independent basis which preceded the improper procedure (see, People v Rahming, 26 NY2d 411, 416-417; People v Albert J., 138 AD2d 773, 774). Kent's testimony demonstrated that she observed defendant and engaged him in conversation for approximately two minutes from a distance of three feet in a fairly bright windowed office in the middle of the afternoon. In these circumstances, County Court's determination that an independent basis existed was not erroneous (see, People v Albert J., supra).

Defendant further contends that the People failed to introduce legally sufficient evidence at trial supporting the element of either "value" or "intent". We disagree. Kent testified that she purchased the subject motor vehicle in October 1988 for $575, plus a $25 auction fee. Although the vehicle mileage was approximately 92,000, Kent stated that it was in excellent shape and did not need repairs to make it salable. Kent further testified that the vehicle had a book value of $1,800 and she was selling it on her lot for a negotiable price of $2,400 under a rent-to-own financing plan. In our view, the jury could infer from this testimony that the market value of the car at the time and place of the theft was in excess of $100 (see, People v Perez, 139 AD2d 603, 604, lv denied 72 NY2d 864; People v Jackson, 111 AD2d 253, 253-254; People v

*Supino,* 64 AD2d 720, 721).* Similarly, it is well settled that intent may be proved by circumstantial evidence *(People v Ozarowski,* 38 NY2d 481, 489; *People v McGrath,* 115 AD2d 128, 129, *lv denied* 67 NY2d 654). Here, reasonable inferences drawn from the People's evidence that defendant took the vehicle from the lot for a test drive and was arrested four days later in Columbus, Nebraska, 1,400 miles from Cathy's Auto Sales, in close proximity to the vehicle and with its keys in his pocket establish defendant's intent to steal the vehicle *(see,* Penal Law § 155.05 [1]).

The only other of defendant's arguments which merits discussion is the claim that County Court erred in requiring defendant to make restitution in the sum of $1,200, representing the value of the stolen vehicle, and in directing him to make reparation to Chemung County in the sum of $980.74 to cover the expense of transporting the arresting officer from Nebraska for trial. Our recent determination in *People v Raines* (157 AD2d 874, 875), that a county does not stand in the shoes of the victim with respect to the costs of transporting a defendant, compels the conclusion that the portion of the judgment which directed reparation to Chemung County be vacated *(see,* Penal Law § 60.27 [1]). Furthermore, the record is by no means clear as to what happened to the motor vehicle that was stolen by defendant. Although the record amply supports County Court's finding of value, given the uncertainty as to the disposition of the vehicle and whether Kent realized any proceeds therefrom, the matter must be remitted to that court for a restitution hearing *(see, People v Asch,* 155 AD2d 735, 736, *after remittal* 160 AD2d 1038, *lv denied* 76 NY2d 784).

Judgment modified, on the law, by reversing so much thereof as ordered the payment of restitution; matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Casey, J. P., Mikoll, Levine, Mercure and Crew III, JJ., concur.

---

* Because the People's evidence of value was not contradicted at trial and defendant's defense was not based on stealing a motor vehicle with a value of $100 or less, no reasonable view of the evidence would support a finding that defendant committed petit larceny and not grand larceny in the fourth degree; therefore, County Court properly refused to charge petit larceny *(see, People v Glover,* 57 NY2d 61, 64).