■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROOKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered December 27, 1988, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabretta, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In the early morning hours on March 12, 1987, the defendant and an unapprehended accomplice were arguing with the victim, Alvin Barnett, over money Barnett allegedly owed the defendant for drugs. After instructing his accomplice to search Barnett's pockets for money, the defendant shot Barnett once in the head. Barnett later died as a result of the wound. Detectives arrested the defendant based on the information provided by witnesses, who later identified him in a lineup. The defendant was subsequently arraigned on the felony complaint, at which time the People, pursuant to CPL 190.50, provided notice to his attorney that they intended to submit the case to the Grand Jury and informing him of his right to testify before the Grand Jury upon reasonable notice to the People. The defendant did not testify, but after the indictment was voted, he orally informed the court of his desire to testify before the Grand Jury.

We find that the court properly denied the defendant's motion to dismiss the indictment on the ground that he was not permitted to testify before the Grand Jury. The People's notice to the defendant's attorney, who was appearing for purposes of arraignment only, that they intended to submit the case to the Grand Jury, sufficiently apprised the defendant of his right to appear as a witness at the Grand Jury proceed-

ings (see, CPL 190.50 [5] [a]). Thereafter, the defendant was required to serve upon the District Attorney written notice of his intent to testify, and, having failed to do so, the court properly denied his motion to dismiss the indictment (see, People v Morales, 163 AD2d 332; People v Harris, 150 AD2d 723).

Suppression of the identification testimony was also properly denied. While the police may not proceed with an investigatory lineup without affording the defendant's attorney an opportunity to be present when the police are aware that the defendant is represented by counsel and the defendant explicitly requests the assistance of his attorney at the lineup (see, People v Coates, 74 NY2d 244, 249), there is no constitutional right to counsel at an investigatory lineup (see, People v Hawkins, 55 NY2d 474, 482). In this case, there was no testimony adduced at the Wade hearing to indicate that the police were aware that the defendant was represented by counsel on a pending unrelated charge at the time of the lineup, or that the defendant requested the presence of counsel at the lineup. Therefore, the investigatory lineup was not impermissibly conducted in the absence of defense counsel (see, People v Hawkins, supra).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Ritter and Copertino, JJ., concur.