■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK L. WARD, Appellant. [651 NYS2d 649] —Yesawich Jr., J. Appeal from a judgment of the County Court of Otsego County (Estes, J.), rendered November 22, 1995, which resentenced defendant following his conviction of the crimes of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.

After a jury trial, defendant was convicted of the crimes of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree. He was sentenced as a second violent felony offender to a prison term of $5^{1}/_{2}$ to 11 years on the burglary conviction and concurrent one-year jail terms on the remaining counts. On appeal, defendant contends that the indictment was obtained in violation of his right to appear before the Grand Jury and that the sentence imposed is unconstitutional.

Linden Summers was initially assigned to represent defendant in connection with the pending criminal charges, but Donald Schwartz was assigned to replace Summers as defense counsel before the matter was presented to the Grand Jury. It is undisputed that Schwartz was not given written notice of the Grand Jury proceedings. The prosecution contends, however, that written notice pursuant to CPL 190.50 (5) was given to Summers. Defendant does not dispute this, but argues that the indictment is nevertheless defective because Schwartz was not properly notified of the Grand Jury proceedings and, as a result, defendant was deprived of his right to appear as a witness before that body.

We find this argument unpersuasive. The prosecution adequately complied with CPL 190.50 (5) by giving Summers, who was then defendant's attorney of record, written notice of the Grand Jury proceedings (*see, People v Luna*, 191 AD2d 588, *lv denied* 81 NY2d 1016; *People v Brooks*, 184 AD2d 518, *lv denied* 80 NY2d 973). The notice was not rendered ineffective

by Schwartz's subsequent representation of defendant (*see, supra*). Moreover, it is undisputed that defendant did not serve the prosecution with written notice of his intention to testify before the Grand Jury, as required in CPL 190.50 (5) (a). Accordingly, we do not find that the indictment is defective (*see, People v Smith*, 197 AD2d 411; *People v Brooks, supra*). As for defendant's remaining argument, the sentence imposed by County Court is neither unconstitutional nor otherwise illegal, since it is within the statutory limits prescribed for second violent felony offenders (*see*, Penal Law § 70.04 [3] [b]; [4]).

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.