■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL J. RUFFINO, Respondent. [898 NYS2d 731]—

Mercure, J.P. Appeal from an order of the County Court of Tompkins County (Ames, J.), entered June 8, 2009, which granted defendant's motion to dismiss the indictment.

Defendant was arraigned in Newfield Town Court on September 8, 2008 on the felony charge of criminal possession of stolen property in the second degree, and appeared at a preliminary hearing in Danby Town Court on September 9, 2008 on this charge, represented by assigned counsel. Pursuant to the policy of the Assigned Counsel's office of Tompkins County, defendant's assigned counsel representation was limited to the time that defendant remained in jail and, once released, defendant was required thereafter to apply for assigned counsel representation. Defendant was thereafter released from jail and appeared before Town Court again on October 7, 2008 without counsel, informing the court and the People that his application for assigned counsel had been denied. Defendant requested that he be assigned counsel by the court, which withheld decision.

In early November 2008, the People served notice of a pending grand jury presentation on his former assigned counsel, whose representation had ended in September 2008. Counsel did not forward the notice to defendant or otherwise inform him of the pending presentation, nor did the People serve notice on defendant himself. On December 2, 2008, defendant again appeared in Town Court and reiterated that he was still unrepresented by counsel. That same day, without any appearance by defendant, the matter was presented to the grand jury. After he was indicted on December 9, 2008, defendant moved to dismiss the indictment on the ground that he was not notified of the pending grand jury presentation. Following a hearing, County Court granted defendant's motion and dismissed the indictment. The People now appeal.

We affirm. Under the circumstances of this case, CPL 190.50 (5) (a) required that "the district attorney . . . notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his [or her] right to appear as a witness therein." It is well established that such notice "must be reasonably calculated to apprise the defendant of the [g]rand [j]ury proceeding [and] permit him [or her] to exercise his [or her] right to testify" (*People v Wise*, 236 AD2d 739, 740-741 [1997] [citation omitted], *lv denied* 89 NY2d 1103 [1997]). Here, the People provided notice of the pending grand jury presentation to counsel, whose assignment to represent defendant had ended in September 2008.

The People contend that such notice satisfied CPL 190.50 (5) because assigned counsel was defendant's attorney of record and no indication had been provided to them that counsel's representation had ceased (*see People v Ward*, 234 AD2d 723, 723-724 [1996], *lv denied* 89 NY2d 1042 [1997]). This assertion is contradicted by the record, however, which reveals that the People were aware that assigned counsel did not represent defendant as early as October 7, 2008, a month before notice of the grand jury presentation was given. Further, the People were aware that defendant was still unrepresented on the day of the grand jury presentation. While assigned counsel and the Assigned Counsel's office may have been remiss in failing to either inform the People of the change in representation or forward the notice to defendant, it is the "independent obligation of the People to furnish the defendant proper notice of the [g]rand [j]ury presentation" (*People v Jordan*, 153 AD2d 263, 268 [1990], *lv denied* 75 NY2d 967 [1990]). Inasmuch as the People notified only defendant's former counsel, despite actual knowledge that defendant was no longer represented by her, we conclude that the People failed to provide notice reasonably calculated to apprise defendant of the pending proceeding (*see id.*; *cf. People v Ward*, 234 AD2d at 723-724).

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed.