■ The People of the State of New York, Appellant, v Renee Ruffino, Respondent. [902 NYS2d 671]—Mercure, J.P. Appeal from an order of the County Court of Tompkins County (Ames, J.), entered June 8, 2009, which granted defendant's motion to dismiss the indictment.

Defendant was arraigned in Dryden Town Court on July 9, 2008 on the felony charge of criminal possession of stolen property in the second degree. At the arraignment, defendant was represented by counsel, who had been assigned by the Assigned Counsel's office of Tompkins County. Pursuant to the policy of the Assigned Counsel's office, defendant's assigned counsel representation was limited to the time that defendant remained in jail and, once released, defendant was required to apply for assigned counsel representation. Defendant was released from jail in July 2008 and appeared before Danby Town Court on October 7, 2008 at a pretrial conference for her husband, a codefendant. Defendant's husband informed the court, with the People present, that they had both been denied assigned counsel and were therefore unrepresented. Her husband requested that they again be assigned counsel and the court withheld decision.

In early November 2008, the People served notice of a pend-

ing grand jury presentation on defendant's former assigned counsel, whose representation had ended in July 2008. Counsel did not forward the notice to defendant or otherwise inform her of the pending presentation, and the People did not serve notice on defendant herself. Defendant was subsequently indicted on December 9, 2008, and thereafter moved to dismiss the indictment on the ground that she was not notified of the pending grand jury presentation. Following a hearing, County Court granted defendant's motion and dismissed the indictment. The People now appeal.

The identical issue raised on this appeal—whether notice served on defendant's prior assigned counsel satisfied CPL 190.50 (5)—is raised by the People in their appeal from the dismissal of the indictment against defendant's husband (*People v Ruffino*, 72 AD3d 1353 [2010] [decided herewith]). For the reasons stated therein, we affirm.

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed.