# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1247**
**KA 10-01590**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MISAIAH HYMES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 15, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the motion is granted and the indictment is dismissed without prejudice to the People to re-present any appropriate charges under the sole count of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). We agree with defendant that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.20 (1) (c) because he was denied his right to testify before the grand jury. The prosecutor notified defendant and his counsel at the arraignment on the felony complaint that the matter would be presented to the grand jury the next morning, in less than 24 hours. Later that day, defense counsel notified the court that he could no longer represent defendant due to a conflict of interest. The following morning, after the grand jury voted to indict defendant, he was assigned new counsel. Defense counsel objected to the short notice of the grand jury proceeding and gave the prosecutor written notice of defendant's intent to testify. The prosecutor offered defendant the opportunity to testify before the grand jury before it filed the indictment, but refused defendant's request to testify before a different grand jury.

We agree with defendant that he was not given "reasonable time to exercise his right to appear as a witness" before the grand jury (CPL 190.50 [5] [a]). "CPL 190.50 (5) (a) does not mandate a specific time period for notice; rather, 'reasonable time' must be accorded to allow

a defendant an opportunity to consult with counsel and decide whether to testify before a [g]rand [j]ury" (*People v Sawyer*, 96 NY2d 815, 816, *rearg denied* 96 NY2d 928).  Under "the particular facts" of this case (*id.*), including the less than 24 hours' notice of the grand jury proceeding and assigned counsel's withdrawal from representation, we conclude that defendant did not have reasonable time to consult with counsel and decide whether to testify before the case was presented to the grand jury (*see People v Degnan*, 246 AD2d 819, 820; *see also People v Fields*, 258 AD2d 593, 594; *cf. Sawyer*, 96 NY2d at 817).

Entered:  November 21, 2014                              Frances E. Cafarell
                                                        Clerk of the Court