(January 15, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY F. BATEMAN, Appellant. [999 NYS2d 614]—

Lahtinen, J.P. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered April 29, 2011, upon a verdict convicting defendant of the crimes of robbery in the second degree and robbery in the third degree.

The victim was accosted from behind as she left a bar in the City of Binghamton, Broome County in the early morning hours of March 29, 2009. The perpetrator began choking and striking her, knocking her to the ground. He continued to assault her until she told him to take her money, at which point he took her wallet and fled. Several college students who were in the vicinity when the attack was in progress witnessed it, and then two of them—Yashodhan Chivate and Justin Flechsig—pursued the perpetrator on foot; while following him, they enlisted the help of other college students, including Michael Coritsidis and Alexander Douris. The pursuers caught and confronted the perpetrator, who denied involvement and then ran down the alley. The pursuers gave chase, but stopped when confronted by another individual in the alley.

Shortly thereafter, responding to a 911 call and description given of the alleged perpetrator, police detained defendant for separate showup identifications. The victim, who had not seen her attacker's face, identified defendant's clothing and body shape as consistent with her attacker, and several of the pursuers identified defendant as the person they had confronted following the attack. Defendant was indicted on charges of robbery in the second degree and robbery in the third degree. Following a jury trial, he was convicted of both counts and sentenced, as a persistent violent felony offender, to concurrent prison terms of 25 years to life. Defendant appeals.

Defendant argues that the showup procedures were unduly suggestive and that the in-court identifications should have been suppressed. Following a *Wade* hearing, County Court found that the procedures were not unduly suggestive as to the

identifications by the victim and Chivate. Although the court determined that the showup procedure was defective as to Coritsidis and Douris, since they and another individual had traveled together to the showup and admittedly discussed the perpetrator, the court found an adequate independent basis to permit an in-court identification. "A showup identification is permissible so long as it was 'reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive' " (*People v Toye*, 107 AD3d 1149, 1150 [2013], *lv denied* 22 NY3d 1091 [2014], quoting *People v Wicks*, 73 AD3d 1233, 1235 [2010], *lv denied* 15 NY3d 857 [2010]). If an improper procedure is used, an in-court identification is not necessarily precluded "so long as there is clear and convincing evidence that the in-court identification derives from an independent basis which preceded the unlawful procedure" (*People v Albert J.*, 138 AD2d 773, 774 [1988]; *see People v Stacey*, 173 AD2d 960, 961 [1991], *lv denied* 79 NY2d 832 [1991]).

Evidence at the *Wade* hearing supported County Court's determination that the showup was not defective as to the victim and Chivate. Based upon the physical build and clothing description given to police, defendant was stopped by police shortly after and within a few blocks of the attack. He was out of breath and appeared nervous. Defendant was not placed in handcuffs. The officer detained him for about five minutes until the victim arrived. The victim identified him as wearing clothing like her attacker, his jacket appeared to have been turned inside out since the attack, and his physical build was the same as the attacker. Arriving separately, Chivate positively identified defendant. These identifications were made close to the scene within less than 30 minutes and not otherwise infected by unduly suggestive procedures (*see People v Bellamy*, 118 AD3d 1113, 1116 [2014]).

With regard to Coritsidis and Douris, their close face-to-face conversation with defendant when they assisted in initially stopping him immediately after the assault provided sufficient proof to support County Court's determination that there was an independent basis for their in-court identification (*see People v Albert J.*, 138 AD2d at 774-775). Coritsidis indicated that he was within two feet of defendant, facing him during a confrontation that lasted about a minute. Douris, who did not make an in-court identification at trial, was similarly close and recalled even making physical contact with defendant during the confrontation.

Defendant contends that County Court's *Sandoval* ruling

constituted reversible error. "In such a ruling, the trial court has discretion and may choose from several options when weighing the prejudice to a defendant's right to a fair trial against the People's right to impeach a testifying defendant's credibility based on his or her prior convictions" (*People v Young*, 115 AD3d 1013, 1014 [2014] [citation omitted]; *see People v Smith*, 18 NY3d 588, 593 [2012]). Here, in the event that defendant testified, the People sought to inquire about his 1996 conviction for grand larceny in the fourth degree and his 1981 convictions for robbery in the first degree and rape in the first degree. After weighing the probative value against the potential prejudice, County Court determined that the People could, as to each, elicit that he was convicted of a felony level offense, but could not mention the title of the crime, the sentence or the underlying facts. The court noted as to its ruling regarding the 1981 convictions that defendant had spent a substantial portion of the time thereafter in prison (*see People v Wright*, 38 AD3d 1004, 1005-1006 [2007], *lv denied* 9 NY3d 853 [2007]) and further found that defendant's conduct demonstrated his willingness to place his interests above that of society (*see People v Malak*, 117 AD3d 1170, 1174-1175 [2014]). Given the restrictions placed on the use of the earlier convictions, we are unpersuaded that County Court abused its discretion with regard to its *Sandoval* ruling (*see People v Wilson*, 78 AD3d 1213, 1216 [2010], *lv denied* 16 NY3d 747 [2011]; *People v Teen*, 200 AD2d 785, 786 [1994], *lv denied* 83 NY2d 859 [1994]).

The verdict was not against the weight of the evidence. Several witnesses to the pertinent events provided sufficient testimony to identify defendant as the individual who attacked the victim and took her wallet. The victim testified regarding the injuries she sustained in the attack. Although cross-examination revealed inconsistencies by some of the witnesses, those inconsistencies were not so severe as to render the testimony unbelievable, but gave rise to credibility issues for the jury (*see People v Davis*, 83 AD3d 1210, 1211 [2011], *lv denied* 17 NY3d 794 [2011]). After viewing the evidence in the record in a neutral light and according deference to the jury's credibility determinations, the jury's verdict is not contrary to the weight of the evidence (*see People v Anderson*, 118 AD3d 1138, 1142 [2014]; *People v Jones*, 111 AD3d 1148, 1150 [2013], *lv denied* 23 NY3d 1063 [2014]).

Lastly, defendant asserts that he did not receive the effective assistance of counsel. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided

meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981] [citations omitted]; *accord People v Oathout*, 21 NY3d 127, 128 [2013]). Review of the record reflects that counsel made appropriate pretrial motions, articulated a logical defense theory at trial, raised relevant objections, effectively cross-examined the People's witnesses and otherwise zealously represented defendant (*see e.g. People v Ford*, 110 AD3d 1368, 1370 [2013], *lv denied* 24 NY3d 1043 [2014]; *People v Miller*, 93 AD3d 882, 885 [2012], *lv denied* 19 NY3d 975 [2012]). The purported defects in representation urged by defendant are, at best, second-guessing with the clarity of hindsight, which does not constitute ineffective assistance (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Garry, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.