People v Milton (2016 NY Slip Op 06847)





People v Milton


2016 NY Slip Op 06847


Decided on October 19, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 19, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2014-08858
 (Ind. No. 2929/12)

[*1]The People of the State of New York, respondent,
v
Robert Milton, appellant.


Robert Milton, Dannemora, NY, appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jeanette Lifschitz, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered September 22, 2014, convicting him of robbery in the third degree, bribing a witness (two counts), criminal contempt in the second degree (five counts), and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's motion to dismiss the indictment on the ground that he had been deprived of his right to testify before the grand jury was properly denied (see People v Weis, 56 AD3d 900, 901-902). Further, contrary to the defendant's contention, even if his initial assigned counsel failed to act on his desire to testify before the grand jury, any such failure on the part of counsel did not, under the circumstances of this case, amount to the deprivation of the effective assistance of counsel (see People v Hogan, 26 NY3d 779, 786-787; People v Simmons, 10 NY3d 946, 949; People v Wiggins, 89 NY2d 872, 873).
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of robbery in the third degree is largely unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court properly adjudicated the defendant a persistent felony offender (see Penal Law § 70.10[1]), and the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., DICKERSON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court