■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE IOVINO, Appellant. [54 NYS3d 171]—

McCarthy, J.P. Appeal from a judgment of the Supreme Court (Breslin, J.), rendered November 18, 2014 in Albany County, upon a verdict convicting defendant of the crime of assault in the second degree.

On April 2, 2014, an undercover surveillance detail, which specifically targeted defendant and another individual, was conducted to investigate thefts at a Home Depot. The target vehicle was a blue 2001 Dodge Durango, which arrived at the Home Depot. Investigators observed defendant inside the store in the vicinity of a shopping cart containing two faucets and thereafter observed the shopping cart empty. At approximately that time, a store alarm was activated due to an emergency door having been opened. Thereafter, the Dodge Durango exited the parking lot and, after police officers attempted to stop the vehicle, they engaged in a high speed chase, with speeds in excess of 114 miles per hour. After the vehicle eventually stopped, defendant fled on foot. An investigator chased defendant and, after confronting him, tackled defendant in the process of detaining him. Based on allegations that included that the investigator sustained an injury to his left ring finger while tackling defendant, defendant was charged by indictment with the crime of assault in the second degree. After a trial, defendant was convicted as charged and was sentenced as a second felony offender to a prison term of six years with five years of postrelease supervision. Defendant appeals, and we affirm.

Defendant contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence. Initially, although defendant preserved his contention that he did not cause the investigator's injuries in his motion for a trial order of dismissal, he did not contend that defendant lacked the requisite intent or that the investigator did not suffer an injury. Therefore, defendant failed to preserve all but his causation argument for the purposes of a legal insufficiency argument on this appeal (*see People v Newkirk*, 75 AD3d 853, 855 [2010], *lv denied* 16 NY3d 834 [2011]). "Nonetheless, in deciding whether the verdict was against the weight of the evidence, we necessarily review the legal sufficiency of the evidence" (*People v Powell*, 128 AD3d 1174, 1175 [2015] [citation omitted]).

A person is guilty of assault in the second degree when, "with intent to prevent a police officer from performing a lawful duty, he [or she] causes physical injury to such police officer" (*People*

*v Douglas*, 143 AD2d 452, 452 [1988] [internal quotation marks, brackets and ellipses omitted]; *see* Penal Law § 120.05 [3]). "Th[is] crime is . . . one of strict liability as far as the injury is concerned [and e]ven if the [defendant] caused the injury to the officer accidentally, he [or she is] guilty of assault in the second degree if the accident happened while he [or she] intentionally acted to prevent the performance of the officer's duty" (*People v Pierce*, 201 AD2d 677, 678 [1994] [internal quotation marks and citations omitted], *lv denied* 83 NY2d 914 [1994]). "Physical injury, as used in the Penal Law, is defined as an 'impairment of physical condition or substantial pain' " (*People v Hicks*, 128 AD3d 1221, 1222 [2015], *lv denied* 26 NY3d 930 [2015], quoting Penal Law § 10.00 [9]). "To meet the statutory pain threshold, the pain must be more than slight or trivial but need not be severe or intense" (*People v Hicks*, 128 AD3d at 1222 [internal quotation marks and citations omitted]). "[I]t is well settled that, where a defendant's flight naturally induces a police officer to engage in pursuit, and the officer is killed or injured in the course of that pursuit, the causation element of the crime will be satisfied" (*People v Britt*, 132 AD3d 1254, 1254 [2015], *lv denied* 26 NY3d 1108 [2016] [internal quotation marks, brackets and citations omitted]).

Evidence was introduced that defendant fled law enforcement officials first in a high speed chase and then on foot. The investigator testified that he chased defendant on foot while yelling for him to stop, all in an attempt to arrest him for larceny. As the investigator closed in on defendant, defendant turned around with his hands up and fists clenched. In response to this aggressive act, which the investigator testified appeared to indicate that defendant planned to attack him, the investigator struck and then tackled defendant. The investigator explained that he suffered an injury to his left ring finger when his hand struck the ground as he fell with defendant. An orthopedic surgeon testified that a small piece of the bone and ligament, or tendon connected to the bone, had broken off of the investigator's finger and rolled up to the top of the finger. The investigator explained that he had to immobilize the finger for five or six weeks, that it hurt for several weeks and that, at the time of trial, seven months after the incident, he still could not fully extend the finger.

From defendant's flight in the vehicle, his flight on foot and his confrontation with the investigator, the jury could reasonably conclude that defendant intended to prevent the investigator from effecting a lawful arrest. Moreover, the jury could reasonably conclude that defendant caused the investigator's

injury by first attempting to evade arrest and then by attempting to attack the investigator, causing the investigator to initiate the tackle. Further, the jury could rely on the medical evidence and the investigator's testimony to determine that the investigator sustained the requisite physical injury. Accordingly, the evidence is legally sufficient to establish that defendant caused the investigator to sustain his physical injury (*see People v Britt*, 132 AD3d at 1254). Moreover, deferring to the jury's credibility determinations, and considering the evidence that defendant intended to prevent the investigator from performing a lawful arrest, the evidence that defendant caused the injury and the evidence of the extent of the investigator's injury, the jury's verdict was not against the weight of the evidence (*see People v Chandler*, 94 AD3d 1155, 1156-1157 [2012], *lv denied* 19 NY3d 971 [2012]; *People v Williams*, 46 AD3d 1115, 1117 [2007], *lv denied* 10 NY3d 818 [2008]).

Supreme Court did not abuse its discretion as to its *Sandoval* ruling. "Whether and to what extent . . . prior convictions may be used on cross-examination [of a defendant] is a matter which rests in the sound discretion of the trial court after appropriately balancing the probative worth of the evidence as it relates to the defendant's credibility against the risk of unfair prejudice to the defendant, including whether it would discourage him [or her] from testifying" (*People v Long*, 269 AD2d 694, 695 [2000], *lv denied* 94 NY2d 950 [2000]; *see People v Bateman*, 124 AD3d 983, 985 [2015], *lv denied* 25 NY3d 949 [2015]). Of defendant's 17 convictions for which the People sought to impeach his credibility, the court allowed full inquiry into defendant's 2012 petit larceny conviction, 2010 petit larceny conviction, 2006 grand larceny in the fourth degree conviction and 2003 grand larceny in the fourth degree conviction. The court allowed a combined question on whether defendant was convicted of three separate petit larcenies in 1999. The court precluded inquiry into defendant's 2012 and 2004 criminal possession of a controlled substance in the seventh degree convictions, 2001 petit larceny conviction, 2000 criminal possession of a controlled substance in the seventh degree conviction, 1998 possession of a hypodermic instrument conviction, 1998 petit larceny conviction, 1997 petit larceny conviction, 1997 attempted forgery conviction, 1996 criminal impersonation conviction and 1995 forgery in the third degree conviction. The larceny convictions that were subject to inquiry demonstrated defendant's "willingness to place his interests above that of society" (*People v Bateman*, 124 AD3d at 985). Moreover, those convictions were not too remote in time to be pertinent, the nature of the convictions were probative of defendant's cred-

ibility and honesty and the commission of those crimes did not suggest a propensity to commit the crime for which defendant was on trial (see People v Henderson, 22 AD3d 883, 884 [2005], lv denied 6 NY3d 776 [2006]). Considering this and the restrictions that Supreme Court placed on inquiring into defendant's remaining convictions, the court did not abuse its discretion in regard to its Sandoval ruling (see People v Reyes, 144 AD3d 1683, 1686 [2016]; People v Victor, 139 AD3d 1102, 1110 [2016], lv denied 28 NY3d 1076 [2016]).

Likewise, given that evidence related to defendant's uncharged larceny at the Home Depot immediately prior to the chase was necessary background and also essentially interwoven with the proof that the investigator was performing a lawful duty in arresting defendant, Supreme Court did not abuse its discretion in permitting the People to present proof on that issue (see People v Malloy, 124 AD3d 1150, 1152 [2015], lv denied 26 NY3d 969 [2015]).* Moreover, defendant's contention that the People went beyond the bounds of the court's Molineux ruling is unpreserved. Defendant's contention that the court should have charged the jury on the lesser included offense of obstructing governmental administration is also unpreserved given that he did not request such a charge. Further, neither contention merits corrective action in the interest of justice. Defendant's remaining contentions are without merit.

Peters, P.J., Garry, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

* After it made its ruling, Supreme Court invited defendant to submit a proposed limiting instruction indicating that the proof could not be considered as propensity evidence. At the charge conference, defendant did not propose such a limiting instruction.