■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASAAD M. DORSEY, Appellant. [58 NYS3d 636]—

---

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 14, 2014, upon a verdict convicting defendant of the crime of assault in the second degree.

In December 2013, defendant was indicted and charged with one count of assault in the second degree. The charge stemmed from events that unfolded during a "rip operation" that occurred in the parking lot of a Home Depot store in the City of Albany on the evening of October 1, 2013. Members of the Albany Police Department had arranged for a confidential informant to meet defendant, the target of the operation, in the parking lot. Although it was anticipated that defendant would have drugs on him at this time, the confidential informant had not been provided with any money to purchase drugs; rather, the plan was simply to take defendant into custody based upon certain prior "open felony sales . . . for heroin"—specifically, an observed controlled buy that occurred on September 24, 2013. When defendant arrived and the officers moved in, defendant fled across the parking lot. During the course of the ensuing chase, takedown and attempt to subdue and handcuff defendant, which defendant strenuously resisted, one of the detectives involved fractured and dislocated the ring finger of his right hand.

As part of his omnibus motion, defendant argued that the police lacked probable cause to arrest him on October 1, 2013 based upon the September 24, 2013 drug transaction. County Court rejected defendant's argument, finding that there was probable cause for his arrest, and defendant thereafter stipulated for purposes of trial that the police were carrying out a lawful purpose on the night in question—one of the elements of assault in the second degree (see Penal Law § 120.05 [3]). At the conclusion of the jury trial that followed, defendant was convicted as charged and thereafter was sentenced—as a predicate nonviolent felony offender—to a prison term of 6½ years followed by five years of postrelease supervision, said sentence to run consecutively to "any other time owed." Defendant's subsequent motion to set aside the jury's verdict was denied, and this appeal ensued.*

We affirm. Initially, we reject defendant's pro se contention that he was denied his right to appear before the grand jury. After defendant's then assigned counsel unsuccessfully sought

---

* Defendant's subsequent application for a stay and/or release on bail pending appeal similarly was denied.

dismissal of the indictment upon the ground that defendant was not afforded notice of and a reasonable time within which to exercise his right to appear before the grand jury (*see* CPL 190.50 [5] [a]), defendant filed a pro se motion seeking reconsideration of County Court's ruling on this point. In conjunction therewith, defendant submitted an affidavit wherein he conceded "that on December 2, 2013, [the] Assistant District Attorney . . . faxed a notice of presentment to defendant's prior counsel . . . indicating that the case would be presented to the [g]rand [j]ury on December 3, 2013." As such, we are satisfied that defendant was provided with reasonable notice of the impending grand jury proceeding (*compare People v Wilkerson*, 140 AD3d 1297, 1299-1300 [2016], *lv denied* 28 NY3d 938 [2016], *with People v Hymes*, 122 AD3d 1440, 1441 [2014]). Further, contrary to defendant's assertion, counsel's alleged failure to apprise defendant of his right to testify before the grand jury does not constitute ineffective assistance of counsel (*see People v Zayas-Torres*, 143 AD3d 1176, 1177-1178 [2016]; *People v Milton*, 143 AD3d 918, 918 [2016]; *cf. People v Wilkerson*, 140 AD3d at 1301).

Nor are we persuaded that the police lacked probable cause for defendant's arrest on October 1, 2013, which was predicated upon a controlled buy that occurred on September 24, 2013. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief than an offense has been committed by the person arrested" (*People v Garcia*, 131 AD3d 732, 734 [2015] [internal quotation marks, ellipsis and citations omitted], *lv denied* 27 NY3d 997 [2016]; *see People v Cruz*, 131 AD3d 724, 726 [2015], *lv denied* 26 NY3d 1087 [2015]). Here, the injured detective testified at the suppression hearing that defendant was an observed participant in a controlled buy involving a confidential informant that took place on September 24, 2013. Prior to meeting with defendant, the informant "was searched with negative results for contraband and buy money." Following the "observed sale," the informant returned with "a quantity of heroin on him." Such testimony, in our view, demonstrated that the police possessed "knowledge of facts and circumstances sufficient to support a reasonable belief that an offense ha[d] been . . . committed" (*People v Cruz*, 131 AD3d at 726 [internal quotation marks and citations omitted]). Accordingly, we are satisfied that defendant's arrest was supported by probable cause.

As for defendant's claim that the verdict is not supported by legally sufficient evidence and/or is against the weight of the

evidence, again, we disagree. Insofar as is relevant here, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a . . . police officer . . . from performing a lawful duty . . . he or she causes physical injury to such . . . police officer" (Penal Law § 120.05 [3]; *accord People v Tucker*, 141 AD3d 748, 749-750 [2016]; *see People v Caraballo*, 136 AD3d 937, 940 [2016], *lv denied* 27 NY3d 1067 [2016]). Physical injury, in turn, "means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "To sustain [such] a conviction . . . , the People must establish that the injured police officer was engaged in a lawful duty at the time of the assault by the defendant" (*People v Tucker*, 141 AD3d at 750 [internal quotation marks and citations omitted]). As this Court recently reiterated, "this crime is one of strict liability as far as the injury is concerned and even if the defendant caused the injury to the officer accidentally, he or she is guilty . . . if the accident happened while he or she intentionally acted to prevent the performance of the officer's duty" (*People v Iovino*, 149 AD3d 1350, 1352 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]; *see People v Campbell*, 72 NY2d 602, 604 [1988]). Finally, "where a defendant's flight naturally induces a police officer to engage in pursuit, and the officer is . . . injured in the course of that pursuit, the causation element of the crime will be satisfied" (*People v Iovino*, 149 AD3d at 1352).

The testimony at trial revealed that, when members of the takedown team moved in and identified themselves as the police, defendant ran across the Home Depot parking lot in a zigzag fashion in an effort to evade capture—all the while ignoring repeated instructions to stop and get on the ground. During the course of the foot pursuit, defendant ran—full speed—into a parked vehicle operated by one of the detectives, bouncing back off of the vehicle, striking another detective and causing the two of them to fall to the ground. Defendant then continued to struggle and ignored repeated orders to stop, prompting the use of physical force in order to subdue him. When one of the detectives attempted to handcuff defendant, he noticed that the first knuckle of his right ring finger was bent at a 90 degree angle toward his pinky finger and that he was unable to close his hand. After asking for assistance in handcuffing defendant, the detective, who "was in an incredible amount of pain," "snapped [his] finger back into place." Upon seeking medical treatment for his injury, the detective discovered that he had fractured and dislocated his finger and ruptured a tendon.

As noted previously, defendant stipulated for purposes of

trial that those police officers present in the Home Depot parking lot on the night in question were lawfully performing their duties during their pursuit and apprehension of him. Additionally, there is no question that the detective's testimony as to the nature and extent of his injury, which was sufficiently painful to cause him to feel "like [he] was going to pass out or throw up," established the physical injury element of the charged crime. Finally, the jury could reasonably conclude—based upon defendant's flight on foot, his subsequent refusal to obey orders to stop and his continued struggle with officers once he was on the ground—that defendant intended to prevent the officers from effectuating a lawful arrest. Based upon such evidence, we find that the verdict is supported by legally sufficient evidence and, further, is in accord with the weight of the evidence (*see id.* at 1351-1353).

To the extent that defendant raises certain issues in his pro se brief with respect to County Court's charge to the jury, suffice it to say that defendant's arguments on this point are unpreserved for appellate review, as defendant neither asked that certain lesser included offenses be charged nor objected to the court's jury charge as given (*see e.g. People v Bost*, 139 AD3d 1317, 1321 [2016]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.