People v Graham (2020 NY Slip Op 03952)





People v Graham


2020 NY Slip Op 03952


Decided on July 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 16, 2020

110498

[*1]The People of the State of New York, Respondent,
v
Raquad Graham, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Carolyn B. George, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.



Mulvey, J.
Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered August 14, 2018 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a weapon in the second degree, after a hearing.
A jury convicted defendant of criminal possession of a weapon in the second degree in 2014, and this Court affirmed the judgment on appeal (138 AD3d 1242 [2016], lv denied 28 NY3d 930 [2016]). Thereafter, defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction. Following a limited hearing, Supreme Court denied the motion. With this Court's permission, defendant appeals.
Initially, as defendant could have raised on his direct appeal his arguments regarding alleged Rosario or Brady violations and alleged ineffective assistance due to counsel's failure to move to suppress the gun, those arguments are not proper bases for his CPL 440.10 motion (see CPL 440.10 [2] [c]). Defendant's primary remaining arguments revolve around his right to testify before the grand jury (see CPL 190.50 [5]) — that he was deprived of that right, and that counsel was ineffective for failing to secure that right and for failing to seek dismissal of the indictment based on the deprivation of that right. At the hearing on his motion, "defendant ha[d] the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 440.30 [6]).
"While the right to testify before a grand jury is significant and must be scrupulously protected, a prospective defendant has no constitutional right to testify before the grand jury" as it is a "limited statutory right" (People v Hogan, 26 NY3d 779, 786 [2016] [internal quotation marks, emphasis, brackets and citations omitted]; see CPL 190.50 [5]). Because defendant had been arraigned in a local criminal court upon an undisposed of felony complaint, CPL 190.50 (5) (a) required the People to "notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein." "[S]uch notice must be reasonably calculated to apprise the defendant of the grand jury proceeding and permit him or her to exercise his or her right to testify" (People v Ruffino, 72 AD3d 1353, 1354 [2010] [internal quotations marks, brackets and citation omitted]).
The People were not required to provide notice to defendant personally, as they had provided notice to the Public Defender's office, which had been assigned to represent him (see CPL 190.50 [5] [a]; compare People v Ruffino, 72 AD3d at 1355). Contrary to defendant's assertion that he was not assigned counsel prior to his indictment, this Court previously noted that the record on his direct appeal "establishe[d] that, prior to indictment, defendant was represented by the Public Defender's office, that the People provided that office with notice of the grand jury proceeding and that attempts were made to notify defendant of the proceeding" (138 AD3d at 1244). The People also acted reasonably by providing notice approximately 26 hours prior to the presentment to the grand jury, thus meeting their statutory obligation (see People v Miller, 160 AD3d 1040, 1041 [2018], lv denied 32 NY3d 939 [2018]; People v Dorsey, 151 AD3d 1391, 1393 [2017], lv denied 30 NY3d 949 [2017]; People v Wilkerson, 140 AD3d 1297, 1300 [2016], lv denied 28 NY3d 938 [2016]; compare People v Hymes, 122 AD3d 1440, 1441 [2014]).
Defendant did not establish that he was entitled to reversal based on ineffective assistance of counsel. Even assuming that the Public Defender's office failed in its obligation to facilitate defendant's appearance before the grand jury, the Court of Appeals "has repeatedly and consistently held that — even when it is due to attorney error — a defense counsel's failure to timely facilitate [a] defendant's intention to testify before the grand jury does not, per se, amount to a denial of effective assistance of counsel. That is, even where no strategy is involved, a defendant must show prejudice — for example, that if he or she had testified in the grand jury, the outcome would have been different — in order to succeed on an ineffective assistance of counsel claim in this regard" (People v Hogan, 26 NY3d at 787 [internal quotation marks, brackets, ellipsis and citations omitted]; see People v Lasher, 166 AD3d 1242, 1242 [2018], lv denied 32 NY3d 1174 [2019]; People v Zayas-Torres, 143 AD3d 1176, 1177 [2016], lv denied 30 NY3d 984 [2017]). Defendant asserts that he wanted to testify before the grand jury and that he would have done so had he been given the opportunity. However, defendant did not explain, either in his motion papers or his hearing testimony, the substance of his proposed grand jury testimony or how it would have resulted in a different outcome. He also acknowledged that — after consultation with counsel — he chose not to testify at his trial, so we cannot look to his trial testimony to determine whether he could have offered anything outcome determinative to the grand jury (compare People v Zayas-Torres, 143 AD3d at 1178). Thus, while the Public Defender's office may not have adequately protected defendant's right to testify before the grand jury, such error did not, per se, amount to ineffective assistance of counsel (see People v Hogan, 26 NY3d at 787; People v Wiggins, 89 NY2d 872, 873 [1996]; People v Lasher, 166 AD3d at 1242; People v Carlton, 120 AD3d 1443, 1444 [2014], lv denied 25 NY3d 1070 [2015]), and defendant failed to demonstrate prejudice. The same failure to demonstrate prejudice dooms defendant's argument that he was deprived of meaningful representation based on substitute counsel's failure to seek dismissal of the indictment due to the alleged deprivation of defendant's right to testify before the grand jury. Defendant thus failed to meet his burden on his ineffective assistance of counsel arguments.
We have reviewed defendant's remaining contentions and find them to be without merit.
Garry, P.J., Egan Jr., Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed.